1   **WO**                                                                  KM

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Pedro Ojeda Camarena, a.k.a. Peter O.)   No. CIV 05-2764-PHX-MHM (DKD)
    Camarena,                            )
10                                       )   **ORDER**
                 Plaintiff,              )
11                                       )
    vs.                                  )
12                                       )
                                         )
13  Joseph Arpaio, et al.,               )
                                         )
14               Defendants.             )
                                         )
15  _____

16         On September 9, 2005, Plaintiff Peter O. Camarena, presently confined in the Arizona

17  State Prison Complex-Tucson,[1] filed a Civil Rights Complaint by a Prisoner ("Complaint")

18  pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis ("Application

19  to Proceed").

20         On January 26, 2006, Plaintiff filed a First Amended Complaint ("Amended

21  Complaint").  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a "party may

22  amend the party's pleading once as a matter of course at any time before a responsive

23  pleading is served."  Because the Defendants have not yet been served in this action and have

24  therefore not served any responsive pleadings,  the Court will accept Plaintiff's Amended

25  Complaint.

26         However, Plaintiff should take notice that all causes of action alleged in an original

27  _____

28         [1]Plaintiff was confined in the Maricopa Count Towers Jail at the time he filed the Complaint.

1   complaint which are not alleged in an amended complaint are waived and defendants named

2   in an original complaint who are not named in an amended complaint are dismissed.  Hal

3   Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended

4   pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

5   Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's

6   Amended Complaint with respect to only those defendants named in the Amended

7   Complaint.

8   **Application to Proceed In Forma Pauperis**

9       Plaintiff's Application to Proceed and account statement make the showing required

10  by 28 U.S.C. § 1915(a).  Plaintiff's Application to Proceed will be granted.

11      Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the two hundred fifty

12  dollar ($250.00) statutory filing fee for this action.  Plaintiff will be assessed an initial partial

13  filing fee of five dollars and twenty-six cents ($5.26).  28 U.S.C. § 1915(b)(1).

14      By separate order, the Court will direct the appropriate agency to collect the initial

15  partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court.

16  Thereafter, Plaintiff will be obligated for monthly payments of twenty percent (20%) of the

17  preceding month's income credited to Plaintiff's trust account.  These payments will be

18  forwarded by the appropriate agency to the Clerk of the Court each time the amount in

19  Plaintiff's account exceeds ten dollars ($10.00), until the filing fee is paid in full.  28 U.S.C.

20  § 1915(b)(2).

21      Plaintiff should note that if he is released before the filing fee is paid in full, he must

22  pay the remaining unpaid amount of the filing fee within one hundred twenty (120) days of

23  the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within one

24  hundred twenty (120) days of the date of his release, the action will be dismissed, unless

25  Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing

26  fee.

27      Plaintiff should further note that a prisoner may not bring a civil action without

28  complete prepayment of the appropriate filing fee if the prisoner has brought, on three (3) or

more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints and amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.

In this case, the deficiencies in Plaintiff's Amended Complaint cannot be corrected by further amendment. Accordingly, Plaintiff's Amended Complaint will be dismissed without leave to amend.

**Amended Complaint**

The following are named as Defendants in the Amended Complaint: 1) Joseph Arpaio, Maricopa County Sheriff; 2) Hon. C. Blakely, Presiding Judge, Maricopa County Superior Court; 3) Mr. C. Townsend, Attorney, Legal Defense Advocate Office; 4) Hon. Judge Keppel, Chief Presiding Judge, Maricopa County Superior Court; and 5) Inmate Legal Services, Maricopa County Sheriff's Office.

Plaintiff alleges four grounds for relief in the Amended Complaint: 1) the staff at the Maricopa County Fourth Avenue Jail failed to comply with a court order in violation of the Arizona Constitution; 2) Judge Blakely failed to properly conduct trial proceedings in Plaintiff's criminal case; 3) Plaintiff's trial counsel was ineffective; and 4) Judge Keppel refused to review and investigate errors made in Plaintiff's criminal trial.  Plaintiff seeks money damages.

**Dismissal of Defendants**

**Defendants Blakely and Keppel**

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986).  An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity.  Stump, 435 U.S. at 362; Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir. 1990).

This immunity attaches even if the judge is accused of acting maliciously and corruptly, Peirson v. Ray, 386 U.S. 547, 553-54 (1967), or of making grave errors of law or procedure. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.), cert. denied, 488 U.S. 995 (1988).  See also Ammons v. Baldwin, 705 F.2d 1445, 1446-48 (11th Cir. 1983), cert. denied, 465 U.S. 1006 (1984) (judge entitled to immunity from a claim that he verbally abused and humiliated plaintiff); Tanner v. Heise, 879 F.2d 572, 577-78 (9th Cir. 1989). Accordingly, Defendants Blakely and Keppel are absolutely immune from suit for actions taken in the context of Plaintiff's criminal trial, and will therefore be dismissed from this action.

**Defendant Townsend**

A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant has acted under the color of state law.  Whether an attorney representing a criminal defendant is a public defender or court-appointed counsel, he or she does not act under color of state law.  See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).  Defendant Townsend will

therefore be dismissed from this action because, as Plaintiff's defense attorney, he did not act under color of state law.

**Failure to State a Claim**

**Count I**

Plaintiff claims in Count I that his rights under the Arizona Constitution were violated when the Maricopa County Jail refused to take Plaintiff into custody as required by an order issued by the Maricopa County Superior Court.

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution. 42 U.S.C. § 1983; <u>see also</u> <u>Buckely v. City of Redding</u>, 66 F.3d 188, 190 (9th Cir. 1995). Section 1983 does not provide a cause of action for violations of state law or state constitutional rights. Accordingly, Count I will be dismissed for failure to state a claim.

**Counts II–IV**

In Counts II–IV, Plaintiff raises several claims related to the proceedings in his criminal trial.

Plaintiff's § 1983 complaint is premature because his conviction has never been reversed, expunged or otherwise invalidated. The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

<u>Heck v. Humphrey</u>, 512 U.S. 477, 486-7 (1994) (emphasis in original) (footnote omitted).

Therefore, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. <u>Id.</u> If it does, the complaint must be dismissed if the conviction or sentence has not already been invalidated.

In this case, Plaintiff's claims in Counts II–IV imply that his criminal conviction was

invalid.  Because Plaintiff has not demonstrated that his conviction or sentence has been reversed, expunged, or declared invalid, Plaintiff's claims are barred by <u>Heck</u>.  The Court will therefore dismiss Counts II–IV for failure to state a claim.

**Dismissal Without Leave to Amend**

As no claims now remain, the Amended Complaint will be dismissed.  Because the Court is convinced that the deficiencies in the Amended Complaint cannot be cured by amendment, <u>see</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (<u>citing</u> <u>Broughton v. Cutter Lab</u>, 622 F.2d 458, 460 (9th Cir. 1980)), the Court's dismissal of the Complaint will be without leave to amend, and the Court will order that the action be dismissed and judgment entered.

**Motions**

On December 2, 2005, Plaintiff filed a Motion for Review of Previous Case (Doc. #6) and a Motion Requesting Amendments (Doc. #7).  In light of the Court's dismissal of this action, these motions will be denied as moot.

**IT IS THEREFORE ORDERED** as follows:

(1)  Plaintiff's Application to Proceed In Forma Pauperis is GRANTED;

(2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action.  Plaintiff is assessed an initial partial filing fee of five dollars and twenty-six cents ($5.26).  All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith;

(3) The First Amended Complaint (Doc. #11) and this action are DISMISSED WITHOUT LEAVE TO AMEND, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and the Clerk of Court shall enter judgment accordingly;

(4) The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g);

(5) Plaintiff's December 2, 2005 Motion to Review Previous Case (Doc. #6) is DENIED AS MOOT; and

1    (6) Plaintiff's December 2, 2005 Motion Requesting Amendments (Doc. #7) is

2    DENIED AS MOOT.

3    DATED this 27th day of March, 2006.

4

5

6

7    _____

Mary H. Murguia
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -